UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
CRISTIAN A.J.,

                        Plaintiff,        <u>DECISION AND ORDER</u>
                                           7:20-CV-04895-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In May of 2017, Plaintiff Cristian A.J.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Olinsky Law Group, Howard David Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 16).

This case was referred to the undersigned on January 26, 2022. Presently pending are the parties' Motions for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

17). For the following reasons, Plaintiff's motion is denied, the
Commissioner's motion is granted, and this case is dismissed.

## I.  BACKGROUND

### A.    *Administrative Proceedings*

Plaintiff applied for benefits on May 26, 2017, alleging disability
beginning December 20, 2016. (T at 206, 223).[2]  Plaintiff's application was
denied initially and on reconsideration.  He requested a hearing before an
Administrative Law Judge ("ALJ").  A hearing was held on February 12,
2019, before ALJ Dennis G. Katz. (T at 61). Plaintiff appeared with an
attorney and testified. (T at 67-84, 93-96). The ALJ also received testimony
from Linda Stein, a vocational expert. (T at 86-92, 96-97).

### B.    *ALJ's Decision*

On March 7, 2019, ALJ Katz issued a decision denying the
application for benefits. (T at 8-25).  The ALJ found that Plaintiff engaged in
substantial gainful activity during the first three quarters of calendar year
2017 and met the insured status requirements of the Social Security Act
through December 31, 2021 (the date last insured). (T at 31).  The ALJ
concluded that Plaintiff's hearing loss, tinnitus, and vertigo were severe
impairments as defined under the Act. (T at 32).  However, the ALJ found

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 33).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels; with the following limitations: he can hear and understand oral instructions spoken at an arm's length distance from him; he can communicate information orally and in writing; he cannot work at heights; and he would likely be off-task approximately 5% of the time during a typical workday. (T at 35).

The ALJ concluded that Plaintiff could perform his past relevant work as a central supply worker. (T at 37).  As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between December 20, 2016 (the alleged onset date) and March 12, 2019 (the date of the ALJ's decision). (T at 38).  On April 27, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

C.     *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing

a Complaint on June 25, 2020. (Docket No. 1).  On February 19, 2021,

Plaintiff filed a motion for judgment on the pleadings, supported by a

memorandum of law. (Docket No. 14, 15).  The Commissioner interposed a

motion for judgment on the pleadings, supported by a memorandum of law,

on April 20, 2021. (Docket No. 17, 18).  On May 11, 2021, Plaintiff

submitted a reply memorandum of law in further support of his motion.

(Docket No. 19).

## II.  APPLICABLE LAW

A.     *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a

claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566

F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings,

which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two (2) main arguments in support of his request for reversal of the ALJ's decision.  First, he challenges the ALJ's assessment of the medical opinion evidence.  Second, Plaintiff argues that the ALJ failed to adequately develop the record regarding his earnings during the first three quarters of 2017.  This Court will address both arguments in turn.

### A.    *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence.

The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed on May 26, 2017 (T at 206, 223), the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more

relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Won-Taek Choe, a treating physician, completed a medical source statement in January of 2019. Dr. Choe described Plaintiff as suffering from frequent attacks of tinnitus, progressive loss of hearing, attacks of vertigo occurring a few times a year, and hearing loss established by audiometry.  (T at 417).  According to Dr. Choe, Plaintiff's tinnitus was severe and would interfere seriously with concentration. (T at 417).

The ALJ found Dr. Choe's opinion inconsistent with the treatment record, which the ALJ described as documenting only intermittent complaints of tinnitus, with no indication that the condition impacted concentration. (T at 37).  In addition, the ALJ considered Dr. Choe's assessment unsupported, as the physician's opinion was provided via a "check off" form that did not define how frequently Plaintiff would be expected to experience disabling symptoms. (T at 37).

This Court finds the ALJ's decision to discount Dr. Choe's opinion supported by substantial evidence and consistent with applicable law.

The fact that Dr. Choe's assessment was provided via a "check-box" form without a supporting narrative and/or citations to the underlying record, while not dispositive, does provide support for the ALJ's decision to discount the opinion. *See Colgan v. Kijakazi*, No. 20-3297, 2022 U.S. App. LEXIS 53, at *12 (2d Cir. Jan. 3, 2022)("[A] treating physician's medical opinion is not entitled to controlling weight where it is provided in a check-box form and is unaccompanied by meaningful medical evidence in the administrative record."); *Halloran v. Barnhart*, 362 F.3d 28, 31 n.2 (2d Cir. 2004)(describing "standardized form" as "only marginally useful for purposes of creating a meaningful and reviewable factual record"); *Heaman v. Berryhill*, 765 F. App'x 498, 501 (2d Cir. 2019)(affirming ALJ's decision to discount treating physicians' opinions provided via "checkbox forms" that "offer[ed] little or nothing with regard to clinical findings and diagnostic results" and "were inconsistent with . . . findings reflected in the doctors' notes").

The ALJ also reasonably concluded that Dr. Choe's assessment of frequent impairment in concentration due to tinnitus was not consistent with the treatment record.  Notably, Plaintiff's tinnitus pre-dated the alleged

onset of disability and did not prevent him from working. (T at 286, 290).

Numerous treatment notes over an extended period document various

symptoms (including vertigo and hearing loss) but make no reference to

tinnitus. (T at 317-18, 320, 360-62, 365-67, 408-12, 438-39, 440-42).  And

while there is some documentation of tinnitus complaints two years after

the alleged onset date (T at 423), Dr. Choe's "check-box" assessment is

the only reference that the condition interfered with Plaintiff's concentration.

Plaintiff offers an alternative view of the evidence, wherein the ALJ

was obliged to provide greater weight to Dr. Choe's opinion,

notwithstanding its lack of supporting detail and apparent inconsistency

with the longitudinal treatment record.  It is, however, the role of the

Commissioner, and not this Court, to resolve conflicts in the evidence. *See*

*Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in

the medical evidence are for the Commissioner to resolve.").

Plaintiff also objects to the fact that the ALJ's conclusion that he

would be off-task approximately 5% of the time during a typical workday did

not correspond with any particular medical opinion.  The ALJ, however,

may reach a determination that "does not perfectly correspond with any of

the opinions of medical sources," provided the ALJ's overall assessment is

supported by substantial evidence and consistent with applicable law. *See*

*Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).  As

discussed above, while the ALJ found that the record did not support Dr.

Choe's very restrictive assessment, he nevertheless gave some weight to

the treating physician's opinion and Plaintiff's subjective complaints

regarding tinnitus.[3] The ALJ found that the condition would impact Plaintiff's

concentration, albeit not with sufficient frequency to render it disabling

within the meaning of the Social Security Act.  (T at 35).  This represented

a reasonable reconciliation of the record that must be sustained under the

deferential standard of review applicable here. *See McIntyre v. Colvin*, 758

F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one

rational interpretation, the Commissioner's conclusion must be

upheld.")(citation omitted).

### B.  Duty to Develop the Record

Social Security proceedings are non-adversarial and the ALJ is

obliged "to investigate the facts and develop the arguments both for and

against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d

80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if

the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168

---

[3] Plaintiff testified that he has experienced tinnitus "24/7" for 11 years. (T at 93).  It
interferes with sleep and causes fatigue, dizziness, and headaches. (T at 93-94).

F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)). The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y. 2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

Substantial gainful activity is "work done for pay or profit that involves significant physical or mental activity." *Thompson v. Sullivan*, 86 Civ. 5834 (JFK), 1992 U.S. Dist. LEXIS 18489, at *3 n.2 (S.D.N.Y. Dec. 1, 1992)(citing 20 C.F.R. § 404.1572; *DeRienzis v. Heckler*, 748 F.2d 352, 353 (2d Cir. 1984)).  When assessing substantial gainful activity, the Commissioner compares the claimant's earnings with a table of earnings guidelines.  If the claimant's earnings met or exceeded the average earnings for the period in question, the claimant will generally be deemed to have engaged in substantial gainful activity. *See Thompson*, 1992 U.S. Dist. LEXIS 18489, at *3 n.2; *see also Rivera v. Barnhart*, 379 F. Supp. 2d 599, 605 (S.D.N.Y. 2005).

In the present case, at step one of the sequential evaluation the ALJ found that Plaintiff engaged in substantial gainful activity during the first three quarters of 2017. (T at 31)  The ALJ reached this conclusion by dividing Plaintiff's total earnings for 2017 by 9 (the number of months he

worked that year), which yielded an average monthly wage of $1,513. (T at 31).  Because that average wage exceeded the guideline wage for 2017 ($1,170), the ALJ found that Plaintiff had engaged in substantial gainful activity during the first three quarters of 2017. (T at 31).

Plaintiff argues that the ALJ erred by simply dividing his annual wages by the number of months worked to reach an average monthly wage.  Plaintiff points to the fact that his wages fluctuated during the first three quarters of 2017, noting that there were times (in particular, during the second quarter of that year), when he earned much less than he did during the balance of the period.  Plaintiff argues that this fluctuation in income is evidence that he was not able to consistently perform substantial gainful activity during some of the months at issue.  Plaintiff contends that the ALJ was obliged to further develop the record as to whether he actually performed substantial gainful activity through the entire 9-month period at the beginning of 2017.

The Commissioner does not directly concede error but does not defend the ALJ's step one analysis on the merits.  Rather, the Commissioner argues that the ALJ's error was harmless.  The Court agrees.  The ALJ's step one finding notwithstanding, he continued the sequential analysis and considered Plaintiff's eligibility for benefits for the

entire period between December 20, 2016 (the alleged onset date) and March 12, 2019 (the date of his decision). (T at 31, 38).  The ALJ found that Plaintiff retained the RFC to perform his past relevant work during the entire period. (T at 37-38).  As such, even if further development of the record would have provided cause to reverse the substantial gainful activity finding as to some or all the first three quarters of 2017, that change would not have affected the overall disability determination.

The ALJ's conclusion that Plaintiff retained the RFC to perform his past relevant work during the entire period between the alleged onset date and the date of the ALJ's decision is supported by substantial evidence, for the reasons stated therein and discussed above.  *See Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981) (holding that while ALJ erroneously determined that claimant's part-time job constituted substantial gainful activity, error was harmless because substantial evidence supported ALJ's step five finding). Thus, even if the ALJ had concluded Plaintiff was unable to engage in substantial gainful activity during the first three quarters of 2017, that determination did not and would not affect the ALJ's decision that Plaintiff was not disabled because he retained the RFC to perform his past relevant work.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 17) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment consistent with this decision and then close the file.

Dated: March 3, 2022                    *s / Gary R. Jones*
                                        GARY R. JONES
                                        United States Magistrate Judge